IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-03040-CR-S-DW |
| | ) | |
| AVERY GLASS, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, and James J. Kelleher, Special Assistant United States Attorney, and the defendant, Avery Glass("the defendant"), represented by Ian Lewis, Assistant Federal Public Defender.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Counts Five and Six of the six-count indictment charging him with a violation of 18 U.S.C. § 922(g)(1), that is, being a felon in possession of a firearm, and a violation of 18 U.S.C. § 924(c), that is, possession of a firearm by in furtherance of a drug trafficking offense. By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which he is pleading guilty are as follows:

On April 6, 2007, Springfield Police Corporal and Bureau of Alcohol, Tobacco and Firearms Task Force Officer Brian Crum received information from a confidential source regarding the illegal activities of the defendant, Avery Glass. Predicated upon that information, Corporal Crum applied for and received a warrant to search the defendant's residence.

The search warrant was executed by members of the Springfield Police Department on April 11, 2007. Prior to the officers making entry into the residence, a surveillance team observed the defendant and his girlfriend pull into the driveway of the residence. Both were quickly detained. Corporal Crum was advised of the development and proceeded to the scene, where he made contact with the defendant, informed him of the reason for the officer's presence and advised him of his *Miranda* rights. When questioned regarding the presence of crack cocaine and firearms inside his home, the defendant denied having any cocaine but admitted that he had 9 millimeter firearm in the home for "protection." The

defendant explained that he had just purchased the firearm within the last twenty-four hours from a "crackhead" for $250.00.

The officers then proceeded into the defendant's residence. A Hi-point 9 millimeter handgun, loaded with 5 live rounds of ammunition was located hidden under a seat cushion of a couch located in the front room of the house. A box of Magtech, 9 millimeter handgun ammunition was located in the defendant's bedroom. Over five grams of cocaine base, packaged for sale, was found inside a bottle in a dresser drawer. At the conclusion of the search, the defendant was questioned again regarding the presence of the cocaine in his dresser. The defendant, at first, opined that someone must have planted the cocaine in his house, but later admitted that he was responsible for the presence of narcotics in the home.

The Missouri State Highway Patrol Crime Laboratory confirmed the substance seized from the defendant's residence was cocain base weighing 5.7 grams. The Bureau of Alcohol, Tobacco and Firearms determined that the gun and the ammunition, were not manufactured in the State of Missouri and, therefore, had to have traveled in interstate commerce. The firearm was test fired and was determined to be operational.

The defendant had been previously convicted of the following offenses:

a. On or about February 3, 1992, Avery Glass was convicted of the offense of robbery in the second degree in the Circuit Court for Boone County, Missouri and sentenced to a term of imprisonment of six years in the Department of Corrections.

b. On or about December 7, 1998, Avery Glass was convicted of the offense of two counts of distribution of a controlled substance in the Circuit Court for Boone County, Missouri and sentenced to a term of imprisonment of seven years in the Department of Corrections.

c. On or about February 1, 1999, Avery Glass was convicted of the offense of institutional vandalism in the Circuit Court for Callaway County, Missouri and sentenced to a term of imprisonment of four years in the Department of Corrections.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

**5. Statutory Penalties.**

a. The defendant understands that upon his plea of guilty to Count Five of the indictment, possession of a firearm by a convicted felon, the penalty is as follows:

No more than 10 years of imprisonment, a fine of no more than two-hundred fifty-thousand dollars ($250,00.00), no more than three (3) years of supervised release, and a $100 mandatory special assessment. If, however, the Court finds that the defendant had three previous convictions for a violent felony as defined by 18 U.S.C. § 924(e)(2)(B) or a serious drug offense as defined by 18 U.S.C. § 924(e)(2)(A), or both, committed on occasions different from one another, the defendant will be sentenced pursuant to 18 U.S.C. § 924(e)(1), which provides a penalty of

imprisonment of no less than fifteen (15) years and no more than life, a fine of no more than two-hundred fifty-thousand dollars ($250,000.00), no more than five (5) years supervised release and a $100.00 mandatory special assessment.

b. The defendant understands that upon his plea of guilty to Count Six of the indictment, possession of a firearm in furtherance of a drug trafficking offense, the penalty is as follows:

No less than five (5) years imprisonment, the maximum penalty the Court may impose is life imprisonment, a $250,000.00 fine, five (5) years of supervised release, and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class A felony.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, as to Count Five of the Indictment, the Court may impose a term of supervised release no more than five (5) years if the Court determines the provisions of 18 U.S.C. § 924(e)(1) are applicable, otherwise the Court may impose a term of supervised release of no more than three (3) years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed. As to Count Six of the Indictment, the Court may impose a term of supervised release of up to five (5) years; that the Court must impose a period of supervised

> release if a sentence of imprisonment of more than one year is imposed;

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release as to Count Five and impose an additional period of imprisonment of no more than five (5) years without credit for time previously spent on supervised release if the Court determines the provisions of 18 U.S.C. § 924(e)(1) are applicable. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed five (5) years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release. If the Court determines that the defendant is subject to sentencing under 18 U.S.C. § 924(a)(2), upon a finding that the defendant has violated the terms and conditions of his supervised release, the Court may impose an additional period of imprisonment of no more than two (2) years. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three (3) years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;
if the defendant violates a condition of his supervised release, the Court may revoke his supervised release as to Count Six and impose an additional period of imprisonment of up to five (5) years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed five (5) years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court may order restitution to be paid to victims of the offense to which he is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity;

h. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the

Sentencing Guidelines range offered by the parties or the United States Probation Office; and

i. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the offense described in paragraph 3 above for which it has venue and which arose out of the defendant's conduct described above. Further, the Government agrees to dismiss Counts One, Two, Three and Four at the time of sentencing, each charging a violation of 21 U.S.C. § 841(a), distribution or possession with the intent to distribute cocaine base. Finally, the Government will not object to or take any position with regard to the possibility of the defendant being designated to the United States Medical Center for Federal Prisoners in Springfield, Missouri.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of

the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally

accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

   b. The Court shall determine the applicable Guidelines sections for the offenses of conviction;

   c. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

   d. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

e. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum.. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

f. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.**  The defendant understands that the United States expressly reserves the right in this case to:

    a.    oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b.     comment on the evidence supporting the charge in the indictment;

    c.    oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

    d.    oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.**  The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a.    the right to plead not guilty and to persist in a plea of not guilty;

    b.    the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c.    the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d.    the right to confront and cross-examine the witnesses who testify against him;

    e.    the right to compel or subpoena witnesses to appear on his behalf; and

    f.    the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial.  The defendant further understands that if he pleads guilty, the Court may ask

him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

    b. The defendant retains his right to appeal any Sentencing Guidelines issues that have not been agreed upon by the parties and his right to appeal a determination by the sentencing court that his sentence be imposed pursuant to 18 U.S.C. § 924(e)(1). However, the defendant otherwise expressly waives his right to appeal his sentence, directly or collaterally, on any ground, including agreed-upon Sentencing Guidelines issues, except a sentence imposed in excess of the statutory maximum or an illegal sentence, *i.e.*, a sentence that is contrary to law. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) on any grounds except those expressly stipulated to or agreed upon in this plea agreement.

16. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including,

without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**17.  Waiver of Claim for Attorney's Fees.**  The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**18.  Defendant's Agreement to Destruction of Biological Evidence.**  In accordance with 18 U.S.C. § 3600A(c)(2), the defendant knowingly and voluntarily waives his right to request DNA testing of any biological evidence which may have been obtained or seized by law enforcement in his case.  Defendant agrees that all biological evidence which may have been obtained or seized may be destroyed by law enforcement authorities.

**19. Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea

agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted

according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

          John F. Wood
          United States Attorney

Dated   6/19/2007   By   */s/ James J. Kelleher*
          James J. Kelleher
          Special Assistant United States Attorney

    I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated   6/19/2007     */s/*
          Avery Glass
          Defendant

    I am defendant Avery Glass' attorney. I have fully explained to him his rights with respect to the offense charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Avery Glass' decision to enter into this plea agreement is an informed and voluntary one.

Dated   6/19/2007     */s/*
          Ian Lewis
          Assistant Federal Public Defender
          Attorney for Defendant